[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence June 6, 1995 CT Page 729 Date of Application June 6, 1995 Date Application Filed June 12, 1995 Date of Decision November 28, 1995
Application for review of sentence imposed by the Superior Court, Judicial District of Danbury.
Docket No. CR93-85802;
Joseph Dimyan, Esq. Defense Counsel, for Petitioner.
Catherine Brannelly, Esq. Assistant State's Attorney, for the State.
BY THE DIVISION
After a pleas of guilty, petitioner was convicted of sexual assault in a spousal relationship in violation of General Statutes § 53a-70b and failure to appear in the first degree in violation of 53a-172.
As a result of such conviction a sentence of ten years execution suspended after four years with five years probation was imposed on the first charge. A consecutive sentence of eighteen months was imposed on the second charge. The total effective sentence was eleven years and six months with execution suspended after five and one half years and five years probation with certain terms and conditions.
The facts underlying petitioner's conviction indicate that at the time of the offense he and the victim were married and residing together, but divorce papers had been served on him. On July 11, 1993, at about midnight, petitioner and the victim returned from a dinner with acquaintances. After the victim spurned petitioner's sexual advances, he stated that he could rape her. He then proceeded to do so repeatedly, orally, anally and vaginally with great violence. At times he used restraints including a belt around her neck to confine her and move her about the house. Petitioner abused her CT Page 730 causing physically injuries and pain. He also subjected her to degrading acts and forced her to do vile and disgusting things which caused the victim to become physically sick. Petitioner continued this conduct throughout the night. At times threatening to burn and disfigure the victim. In the morning when the children returned, the victim was able to get to a window and call to her daughter that she was in danger and that the police should be called. At that time she was also able to get out of the house and to the police station.
Subsequently, petitioner entered a plea of guilty admitting the facts in detail. At the request of the victim, a fully suspended sentence was indicated. A presentence investigation was ordered and a sentencing date set. On the date of sentencing petitioner failed to appear. The bond was ordered forfeited and a rearrest was ordered.
Petitioner who, at the executive level, conducted business in the far east, had gone to the Philippines on business. He did not return for the sentencing because he feared that conditions of his probation would prevent him from leaving the country and would lose his livelihood.
Eventually petitioner returned to the United States and entered a plea of guilty to the additional charge of willful failure to appear. At that time, a new plea agreement was entered into resulting in the present sentence.
Petitioner's attorney argued for a reduction in sentence. He claimed that the sentence imposed was excessive and that a lesser sentence on both charges or at least concurrent time would have been much more appropriate. The attorney pointed out that petitioner had been a successful businessman with no prior criminal record. He had been in the past a model citizen and a productive member of society. The attorney argued that the sexual assault was committed under extreme emotional stress precipitated by the divorce proceedings and alcohol. The attorney also pointed out that at the time petitioner failed to appear for sentencing he was suffering from extreme emotional stress and was considering suicide.
Speaking on his own behalf, petitioner admitted that the sexual assault was a horrendous that he would pay for for the rest of his life. He stated that up until that time his life had been a success story which then turned into a tragedy. He CT Page 731 explained the situation surrounding the failure to appear and repeated that he came back to the United States willingly to face the court. He also stated that because of his incarceration his family would suffer.
Both petitioner and his attorney urged the Division to reduce the sentence.
The State's attorney argued that the sentence imposed was appropriate and was imposed by the sentencing judge after carefully considering all of the facts involved.
The sexual assault committed here was of the most egregious nature. The victim was terrorized for an extensive period of time under circumstances which tended to both terrorize and degrade her. Considering all of the factors involved in this offense, as well as the failure to appear, the sentence imposed was minimal. It cannot be found that the sentence was inappropriate or disproportionate in light of the nature of the offense, the character of the offender and the need to protect the public from such conduct.
Sentence affirmed.
Purtill, J.
Klaczak, J.
Norko, J.
Purtill, J., Klaczak, J. and Norko, J. participated in this decision.